IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

J. MARCUS WHOLESALERS, INC., )
JACK MARCUS, PHILIP MARCUS, )
and DAVID HABER, )
      Plaintiffs, )
                                )
    v.                        )   Civil Action No. 05-1485
                                )
ASSURANCE COMPANY OF AMERICA, )
      Defendant. )

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                           February 13, 2006

      This is an action in insurance coverage. Defendant removed this case from the Court of Common Pleas of Allegheny County, Pennsylvania, to this court. Plaintiffs allege that defendant wrongfully denied them insurance coverage under a Commercial General Liability Policy for an intellectual property infringement law suit brought against them in this court in 2003 (the "IP Case"). Plaintiffs seek recovery of the $150,000.00 settlement they entered into in the IP Case, as well as costs and fees incurred in defending that action. Plaintiffs have also brought a cause of action under Pennsylvania's bad faith statute, 42 Pa. Cons. Stat. § 8371.

      Defendant has filed a motion for judgment on the pleadings [doc. no. 6] arguing that, under the terms of the policy, the allegations in the IP Case complaint, and the controlling case law, there is no possibility that plaintiffs are entitled to

coverage for the IP Case. For the reasons set forth below, the motion will be denied.

I.   FACTUAL BACKGROUND

Plaintiffs purchased a Commercial General Liability Insurance Policy from defendant in September of 2002 (the "Policy"). The Policy included coverage for "personal and advertising injury". "Personal and advertising injury" includes, among other things:

> (f) misappropriation of advertising ideas or style of doing business; and
> (g) infringing upon another's copyright, trade dress, or slogan in your "advertisement".

In turn, "advertisement" is defined as "a notice that is broadcast or published [including on the Internet] to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters."

In September of 2003, Robert Real sued plaintiffs in this court for patent infringement, copyright infringement, and unfair competition (the "IP Case"). In short, Real accused plaintiffs of selling counterfeit commemorative September 11th American Flags that infringed Real's design patent and copyright. Among other allegations, Real contended that plaintiffs violated the Copyright Act by advertising the copyrighted work, i.e., the Flag, online and in brochures and catalogs. Real also alleged that plaintiffs

2

violated the Patent Act by offering the Flags for sale. Upon receipt of the IP Case complaint, plaintiffs filed a claim under the Policy. Defendant denied coverage for defense and/or indemnification of the IP Case on the basis that the complaint in the IP Case did not allege that any injury was caused by plaintiffs' advertising activity. Following this denial, plaintiffs, with the assistance of independently retained counsel, settled the IP Case for $150,000.00. After the IP Case was resolved, plaintiffs filed this insurance coverage action seeking reimbursement of the settlement amount, and of the attorneys' fees and costs incurred in the IP Case.

II.     STANDARD OF REVIEW

A Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute and judgment on the merits may be achieved by focusing on the content of the pleadings and any facts of which the court may take judicial notice. See 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1367 (3d ed. 1990). A motion for judgment on the pleadings may be made at any time after the pleadings are closed.

In ruling on a motion for judgment on the pleadings, the court is required to view the facts presented in the pleadings and

the inferences to be drawn therefrom in the light most favorable to the nonmoving party. Soc'y Hill Civic Ass'n v. Harris, 632 F.2d 1045, 1058 (3d Cir. 1980); City of Philadelphia v. Stepan Chemical Co., 544 F. Supp. 1135, 1139 (E.D. Pa. 1982). Judgment on the pleadings is appropriate when the court determines that there is no material issue of fact presented and that one party is clearly entitled to judgment. Soc'y Hill, 632 F.2d at 1054.

III. DISCUSSION

Defendant has moved for judgment on the pleadings on the ground that because there was no averment in the IP Case complaint that plaintiffs "misappropriated an advertising idea", under the terms of the Policy, and Pennsylvania law[1], there is no possibility that defendant had a duty to defend[2] the IP Case. According to defendant, for a copyright or patent infringement

---

[1]  The parties agree that Pennsylvania law applies to this dispute because the insurance contract at issue was delivered in Pennsylvania. Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co., 193 F.3d 742, 745-46 (3d Cir. 1999).

[2]  The duty to defend is broader than the duty to indemnify, and therefore, resolution of the defense duty disposes of the indemnification duty. Frog, Switch, 193 F.3d at 746. An insurer has a duty to defend "whenever the complaint...may *potentially* come within the policy's coverage." Pacific Indem. Co. v. Linn, 766 F.2d 754, 760 (3d Cir. 1985) (emphasis in original).

suit to constitute a covered claim, the insured must have infringed on another's advertising style, campaign, or concept, not simply on another's product. Defendant relies primarily on Green Mach. Corp. v. Zurich-American Ins. Group, 313 F.3d 837 (3d Cir. 2002) and Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co., 193 F.3d 742 (3d Cir. 1999) to support its position.

However, as plaintiffs correctly note, both Green Machine and Frog, Switch dealt with policies that defined advertising injury as misappropriation of advertising ideas or style of doing business. There is no dispute that this is one way that "advertising injury" is defined in the Policy. However, "advertising injury" is also defined in the Policy to include "infringing upon another's copyright, trade dress, or slogan in your 'advertisement.'" Neither the policy in Green Machine nor in Frog, Switch included this alternative, and more expansive, definition of "advertising injury". As such, those cases are not dispositive of the instant dispute. Defendant has pointed to no case from the Court of Appeals for the Third Circuit that interpreted "infringing upon another's copyright, trade dress, or slogan in your 'advertisement'" coverage in the context of a copyright or patent infringement case. As such, we cannot find that defendant is clearly entitled to judgment under controlling case law.

Nor, do the facts clearly favor defendant. The IP Case complaint specifically accused plaintiffs of violating the Copyright Act by advertising their counterfeit September 11th Flag online and in brochures. Under the more expansive definition of "advertising injury" in the Policy at issue in this case it is certainly plausible that plaintiffs were entitled to coverage. Therefore, we cannot say that there is no material issue of fact in dispute and that defendant is clearly entitled to judgment on the pleadings.

IV.   CONCLUSION

For the foregoing reasons, we find that defendant is not entitled to judgment on the pleadings. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
J. MARCUS WHOLESALERS, INC.,    )
JACK MARCUS, PHILIP MARCUS,     )
and DAVID HABER,                )
         Plaintiffs,            )
                                )
    v.                          )   Civil Action No. 05-1485
                                )
ASSURANCE COMPANY OF AMERICA,   )
         Defendant.             )
```

ORDER

AND NOW, this 13th day of February, 2006, IT IS HEREBY ORDERED that defendant's motion for judgment on the pleadings [doc. no. 6] is DENIED.

BY THE COURT,

_____, J.

cc:   All Counsel of Record